## RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

    d. against compelled self-incrimination.

41.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Indictment charging violation of 21 U.S.C. § 846, that being Conspiracy to possess with intent to distribute 5 grams and more of Methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

## SENTENCING

4. The defendant understands that the maximum penalty the Court can impose is:

   a. imprisonment for a period not less than five (5) years nor greater than forty (40) years;

   b. a fine not to exceed $2,000,000.00;

   c. a mandatory term of supervised release of not less than four (4) years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

   d. a mandatory special penalty assessment of $100.00.

5. The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. It is expressly understood and agreed by and between the defendant and the United States that:

   a. The United States has made, and will make, NO AGREEMENT pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., that a specific sentence is the appropriate disposition of this case.

   b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., any

The United States hereby expressly reserves the right to make known to the United States Probation Office, for inclusion in the presentence report prepared pursuant to Rule 32(c), Fed. R. Crim. P., any information that the United States believes may be helpful to the Court.

    d. The defendant recognizes that this plea agreement has already conferred a benefit upon the defendant and that no downward departure is appropriate. Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees not to seek a downward departure or "adjustment" from the applicable offense level or criminal history category as determined by the Court. This specifically precludes any claim by the defendant, pursuant to U.S.S.G. § 4A1.3, that the criminal history category overstates the seriousness of defendant's criminal history. The defendant agrees that the advisory guideline range as determined by the agreed upon stipulations is reasonable in light of 18 U.S.C. § 3553 and US v. Booker, 543 U.S. 220 (2005). The defendant agrees not to seek a sentence below the advisory guideline range. If the defendant, in violation of this paragraph, should nevertheless seek a downward departure or adjustment, the United States reserves the right, in its sole discretion, to withdraw this plea agreement and to proceed to trial on all charges before the Court.

## STIPULATIONS

7. The United States and the defendant stipulate as follows:

    a. Pursuant to U.S.S.G. § 2D1.1(c), the parties stipulate that the defendant is responsible for approximately 18.8 grams pure (actual) of Methamphetamine.

    b. Pursuant to U.S.S.G. § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, the defendant is entitled to a reduction of

3

this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

   c. Provided the defendant meets the requirements of U.S.S.G. §3E1.1(b), the government agrees to move for a reduction of one (1) additional level from the base offense level as calculated under the sentencing guidelines.

  8. Pursuant to U.S.S.G. § 3B1.2, the defendant was a minor/minimal participant in the criminal activity underlying this agreement. Consequently, the defendant is entitled to a reduction of three (3) levels from the base offense level as calculated under the sentencing guidelines.

  9. The Defendant will have his offense level increased by two (2) levels pursuant to U.S.S.G. §3C1.1.

  10. The United States and the defendant understand that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. The defendant understands and agrees that if the Court does not accept any one or more of the above stipulations, the defendant hereby waives the right to appeal the Court's rejection of such stipulations.

## DEFENDANT'S OBLIGATIONS

  11. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue

4

to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

## WAIVER OF APPEAL RIGHTS

12. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal this conviction and/or any sentence within the statutory maximum authorized by law. In addition, the defendant agrees to waive any collateral attack to this conviction and/or sentence pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

## GOVERNMENT'S AGREEMENT

13. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional charges against the defendant arising out of the defendant's conduct now known to the United States Attorney's Office for the District of New Mexico.

14. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

16. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may

declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the Indictment in this case, as well as perjury, false statement, and obstruction of justice.

## SPECIAL ASSESSMENT

17. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

18. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this _____ day of _____December_____, 2006.

DAVID C. IGLESIAS
United States Attorney

_____ FOR
MICKI T. R. GUTIERREZ
Assistant U.S. Attorney
555 S. Telshor Blvd., Ste. 300
Las Cruces, NM 88011
(505) 522-2304 - Tel.
(505) 522-2391 - Fax

      I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

_____
ERIC PAGE
Defendant

_____
LEON SCHYDLOWER
Attorney for Defendant

N:\LRomero\Renee\Drugs\Lupeylunes\page eric.846 B-3-3 Sk.wpd